IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 2:24-cr-00871 |
|---|---|
| v. | 18 U.S.C. § 371<br>18 U.S.C. § 981(a)(1)(C) |
| **JEFFREY McWHORTER** | 28 U.S.C. § 2461(c) |
| | **INFORMATION** |

## BACKGROUND

1. The Defendant **JEFFREY McWHORTER**, at all times pertinent to this Information, was a resident of Charleston County, South Carolina.

2. At all times pertinent to this Information, the Defendant **JEFFREY McWHORTER** was the President of a quasi-state entity that falls under the South Carolina Department of Commerce.

3. In his role as President, Defendant **JEFFREY McWHORTER** was required to report his income, other financial dealings, and major gifts to the South Carolina Ethics Commission.

## Count 1
### (Conspiracy to Commit Honest Services Fraud)

**THE UNITED STATES ATTORNEY CHARGES:**

4. Paragraphs 1 through 3 of this Information are incorporated herein by reference.

*The Conspiracy*

5. From on or about January 2019 and continuing thereafter until at least July 2020, in the District of South Carolina, and elsewhere, the Defendant **JEFFREY McWHORTER**, and others known and unknown to the United States Attorney, knowingly and intentionally combined, conspired, confederated, agreed, and had a tacit understanding to knowingly devise a scheme and artifice to defraud a company headquartered in Texas (hereinafter "Texas Company"), known to the United States Attorney, out of the honest services of an employee (hereinafter "Employee 1") by receiving payments from a third party (hereinafter "T.B."),[1] which the Defendant **JEFFREY McWHORTER** and others known and unknown to the United States Attorney, foresaw and reasonably should have foreseen might cause economic harm to the Texas Company and, through the scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire, radio, or television communication in interstate commerce, writings, signs, signals, pictures and sounds for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346.

---

[1] T.B. is an individual, known to the United States Attorney, who did business through his company in Charleston County, South Carolina and contracted with the Texas Company.

*Object of the Conspiracy*

6. The object of the conspiracy was for the Defendant **JEFFREY McWHORTER** and Employee 1 to receive payments from T.B. without the knowledge of the Texas Company, with the intent to deprive the Texas Company of the honest services of Employee 1.

*Manner and Means of the Conspiracy*

7. It was a part of the conspiracy that the Defendant **JEFFREY McWHORTER**, and others, did:

    a. Facilitate introductions between T.B. and the Texas Company with the hope that T.B. would be awarded a contract by the Texas Company;

    b. Meet at a restaurant on at least one occasion in the District of South Carolina to discuss the payment that T.B. would pay to the Defendant **JEFFREY McWHORTER** and Employee 1 once the contract had been awarded to T.B; and

    c. Agree that T.B. would pay Employee 1 through a bank account in the name of a business operated by Employee 1's wife and, in turn, that Employee 1 would pay Defendant **JEFFREY McWHORTER** his portion in cash.

*Overt Acts*

8. In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of South Carolina, and elsewhere:

    a. On or about September 18, 2019, the Defendant **JEFFREY McWHORTER** did send T.B. wiring instructions for the first payment.

    b. On or about March 20, 2020, T.B. sent a wire to Employee 1.

c. On or about June 26, 2020, Employee 1 did mail cash, via UPS, to the Defendant **JEFFREY McWHORTER**, which represented a portion of his share of the kickback payment(s).

All in violation of Title 18, United States Code, Section 371.

# **FORFEITURE**

FRAUD/CONSPIRACY:

Upon conviction to violate Title 18, United States Code, Section 371 (Conspiracy to Commit Honest Services Fraud in violation of 18, United States Code, Sections 1343, 1346), the Defendant, **JEFFREY McWHORTER**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

>Proceeds/Forfeiture Judgment:
>
>A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offense charged in this Information, and all interest and proceeds traceable thereto, in an amount of not less than $90,000.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:
(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

[SIGNATURE BLOCK ON THE FOLLOWING PAGE]

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY


By: s/ Amy Bower
Amy F. Bower (#11784)
Assistant U.S. Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
Tel.: (843) 727-4381
Email: Amy.Bower@usdoj.gov